Redington *v.* Farrar & al.

---

REDINGTON *vs.* FARRAR & AL.

In *assumpsit* against two or more, the plaintiff cannot amend by striking out the name of one of the defendants.

THE motion in this case was briefly spoken to, by *Boutelle* for the plaintiff, and *R. Williams* and *Sprague,* for the defendants; and the opinion of the Court was delivered by

MELLEN C. J.   This is an action of *assumpsit* against *Jonathan* and *Isaac Farrar;* and the motion made by the plaintiff is, that he

may have leave to amend by striking out the name of *Isaac Farrar.* This motion is opposed, on the ground that such an amendment is not by law allowable. In actions for torts, and in real actions, such amendments are frequent, and are considered as unobjectionable, according to our practice; but until the decision in the case of *Colcord & al. v. Swan,* 7. *Mass.* 291. the principle was not supposed to extend to actions on contract; certainly it had not been known in practice, so far as our acquaintance with the subject has extended. It appears that in that case the motion was considered by the counsel as a novelty. The English authorities seem to be directly opposed to such a course of proceeding. See 1. *Chit. Pl.* 31. 32. *Chandler v. Parker & al.* 3. *Esp.* 76. *Chiswell v. Ingham,* 1. *Wils.* 89. *Tidd's Practice,* 631.

In principle, a plaintiff may as well amend by changing the nature of the action, as by striking out a defendant in an action founded on contract; and a plaintiff may as well be stricken out, as a defendant. To grant leave to make the proposed amendment, would seem to be to destroy the use and effect of all pleas and objections on account of the improper joinder of parties, and in fact change the law, as it has long been understood and practised. The case of *Colcord & al. v. Swan* was an action of covenant against a man and his wife, and this fact appeared on the record. Her covenant was a perfect nullity; the contract declared on, or rather the covenant set forth, was in law the covenant of the husband only; and this was apparent. The amendment made no change in the real parties to the suit, nor in the legal effect of the declaration; her covenant was void. The court assigned no reasons for their opinion, but merely gave leave to amend, by striking out the name of the wife. The case of *Parsons v. Plaisted & al.* 13. *Mass.* 189. was an action of covenant broken. One of the defendants was a feme covert at the time of making the covenants. A motion was made to strike out her name as a co-defendant, when it was ascertained that she was a married woman; but no order was then taken by the court. Before the next term she died, and at that term her death was suggested, the motion was renewed, and leave was granted on payment of costs. No reasons were assigned by the court; but the mover relied on the case

of *Colcord & al. v. Swan.* Now, admitting that these amendments were by law allowable,—and that is more than we feel warranted in admitting,—those cases are not similar to the present, nor can they be guides on the present occasion. We prefer to follow decided principles, and adhere to long and settled usage. It is better that a plaintiff who has commenced his action erroneously, should be obliged to discontinue it and commence a new one properly, than that the well known rules of pleading should be unnecessarily violated. For these reasons the court are not disposed to relax those rules on the present occasion. It is for the legislature to alter the law, should they think proper.                                 *Motion denied.*